UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-034 (RMU) |
| | : | |
| v. | : | |
| | : | |
| YAW OTENG-AGIPONG, | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF FILING OF PLEA AGREEMENT, THE FACTUAL PROFFER, AND LIST OF ELEMENTS FOR THE OFFENSE CHARGED

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, gives notice of the filing of certain documents in the above-referenced matter. The documents being filed herewith include the following: (1) the signed plea agreement; and (2) the signed factual proffer ("Statement of Offense"). The United States, herewith, also sets forth the elements of the offense charged, that is, a violation of 18 U.S.C. § 201(b)(1)(A):

In order to sustain its burden of proof for the crime of giving, offering, or promising a bribe to a public official as charged in the Information, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:   Defendant gave, offered, or promised something of value as described in the Information to the official alleged in the Information;

Two:   The official alleged in the Information was, at that time, an official of the District of Columbia or was acting on behalf of the District of Columbia; and

Three: Defendant made the gift, offer, or promise corruptly with the intent to influence an official act.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 27.03 (5th Ed. 2002)

(amended to add language as to the District of Columbia, consistent with the statute).

          Respectfully submitted,

          JEFFREY A. TAYLOR
          UNITED STATES ATTORNEY
          D.C. Bar No. 498610


     /s /
     _____
     DANIEL P. BUTLER
     ASSISTANT UNITED STATES ATTORNEY
     D.C. Bar No. 417718
     555 4th Street, N.W., Room 5231
     Washington, DC 20530
     (202) 353-9431
     Daniel.Butler@USDOJ.Gov



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 11, 2007

SENT VIA TELEFAX – (202) 363-2134

Ms. Brigitte L. Adams
Attorney at Law
2800 Wisconsin Avenue, N.W., #208
Washington, D.C. 20007

    Re:    Yaw Oteng-Agipong

Dear Ms. Adams:

    This letter sets forth the full and complete plea offer to your client, Yaw Oteng-Agipong, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on January 30, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    **1.  Charges and Statutory Penalties**

    Your client agrees to plead guilty to a one-count Information, a copy of which is attached, which charges a violation of offering and promising a bribe to a public official, in violation of 18 U.S.C. § 201(b)(1)(A).

    Your client understands that, pursuant to 18 U.S.C. § 201(b)(1)(A), the charges carries a maximum sentence of 15 years of imprisonment, a fine of $250,000, or not more than three times the monetary equivalent of the thing of value, whichever is greater, a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Moreover, your client may be disqualified from holding any office of honor, trust, or profit under the United States.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**2. Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

**3. Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A. Offense Level under the Guidelines**

The parties agree that the following Sentencing Guideline section applies:

§ 2C1.1(a)(2)                 Base Offense Level (Bribery)                 12

**B. Acceptance of Responsibility: 2-point reduction**

Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

In accordance with the above, the applicable **Guidelines Offense Level is 10.**

**C. Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history.

In accordance with the above, your client's **Criminal History Category is I.**

### D. Applicable Guideline Range

Based upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range is 6 to 12 months (the "Stipulated Guidelines Range"), in Zone B. In addition, the parties agree should the Court impose a fine, at Guidelines level 10, the applicable fine range is $2,000 to $20,000.**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### 4. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (b) engaged in additional criminal conduct after signing this Agreement.

### 5. Financial Arrangements

Your client agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

### 6. Cooperation

Your client agrees to cooperate completely, candidly, and truthfully in the investigation by

this Office and the Federal Bureau of Investigation. Specifically, your client agrees:

    A.    to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

    B.    to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    C.    to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    D.    not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    E.    not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    F.    to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

    G.    to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly; and

    H.    to submit to any polygraph examinations that the government might request.

**7. Government Concessions**

In exchange for his guilty plea, the government agrees not to oppose your client's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(a), agrees not to oppose your client's voluntary surrender to commence serving any sentence which is imposed, provided that your client continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against your client in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the matters outlined in the Information. This agreement not to prosecute your client does not extend to federal

or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving our client.

### 8. Departure Committee

At the time of your client's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by your client to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by your client to the United States. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Your client further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

### 9. Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 10. Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### 11. Appeal Waiver

It is agreed (a) that your client will not file a direct appeal of any sentence within or below

the Stipulated Guidelines Range set forth above and (b) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

**12.  Release/Detention**

The government will not oppose your client's release pending sentencing. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

**13.  Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to

prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 14. Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 15. Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### 16. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to us once it has been signed

by your client and by you or other defense counsel.

                              Sincerely yours,

                              _____
                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

By:   _____
       DANIEL P. BUTLER
       ASSISTANT U.S. ATTORNEY

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Brigitte L. Adams, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date:_____            _____
                                               Yaw Oteng-Agipong
                                             Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Yaw Oteng-Agipong, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____          _____
                                              Brigitte L. Adams, Esquire
                                             Attorney for the Defendant Yaw Oteng-Agipong

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07- |
| | : | |
| v. | : | |
| | : | |
| YAW OTENG-AGIPONG, | : | VIOLATION:  18 U.S.C. § 201(b)(1)(A) |
| | : | (Offering and promising a |
| Defendant. | : | bribe to a public official) |
| | : | |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant YAW OTENG-AGIPONG (hereinafter "AGIPONG"), with the concurrence of his attorney, Brigitte L. Adams, Esq., agree and stipulate to the following facts in connection with defendant AGIPONG's plea of guilty to a violation of 18 U.S.C. § 201(b)(1)(A)), offering and promising a bribe to a public official.

1. At all relevant time, defendant AGIPONG, a former employee of the District of Columbia Department of Consumer and Regulatory Affairs (hereinafter "DCRA"), was employed in a private capacity as a structural engineer.

2. At all relevant times, an individual (hereinafter "DCRA employee") was a public official, that is, a construction inspector with DCRA with an office in Washington, D.C., whose job it was to inspect construction projects in the District of Columbia to insure that the projects complied with D.C. building regulations, codes and laws.

3. At all relevant times, a limited liability corporation (hereinafter "the LLC") was engaged in a construction project in the 1100 block of 5th Street, N.W., Washington, D.C.

4. On or about September 20, 2006, the LLC received a stop work order from the DCRA employee because it allegedly exceeded the scope of its building permit.  The LLC retained

defendant AGIPONG to help resolve the stop work order favorably.

     5. On or about September 21, 2006, defendant AGIPONG went to the DCRA employee's office to talk to him about the stop work order. AGIPONG asked the DCRA employee to approve the building plans so the construction could continue and told the DCRA employee that he would give him $2,000 for doing so. Defendant AGIPONG offered and promised to pay the $2,000 with the influence the DCRA employee in the performance of an official act. If it required more money for that purpose, defendant AGIPONG was willing to pay more money. The DCRA employee agreed to take the money in return for lifting the stop work order. The DCRA employee also agreed to lower the fine that had been levied against the LLC property for exceeding its permit from $6,000 to $3,000.

     6. On or about September 22, 2006, defendant AGIPONG met with the LLC partners with the intent to request the money from the LLC to pay the stop work order fine, the permit fee, a fee for defendant AGIPONG's services, and the bribe to the DCRA employee. Defendant AGIPONG requested from the partners $20,000 to cover these expenses and he described the bribery scheme, although he did not identify to whom within DCRA he would pay the money. The partners agreed that they would take steps to obtain the money to give it to defendant AGIPONG for those purposes.

     7. On or about September 28, 2006, defendant AGIPONG asked the DCRA employee to meet at AGIPONG's office. The DCRA employee told AGIPONG he did not meet people in offices and asked that they meet on the street. The DCRA employee and AGIPONG then met at a pre-arranged location on the street. At the beginning of the meeting, the DCRA employee patted down AGIPONG. He then asked AGIPONG if he was wearing a wire and if he had the money. AGIPONG did not have the bribe money at that time.

8. On or about October 10, 2006, defendant AGIPONG met at a pre-arranged location with the LLC partners to obtain the $20,000 from them. The money was not transferred at that time, however, because of the arrival of agents from the Federal Bureau of Investigation. The agents took a statement from defendant AGIPONG in which he admitted the above-described bribery scheme.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR #  #498610


BY: _____
DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEY
555 Fourth Street, N.W., Room 5231
Washington, D.C.  20530
 (202) 353-9431
Daniel.Butler@USDOJ.Gov


**DEFENDANT'S ACCEPTANCE**

I have read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, Brigitte L. Adams, I agree and stipulate to this Statement of the Offense.


Date:_____        _____
                              Yaw Oteng-Agipong
                              Defendant

      I have discussed this Statement of Offense with my client, Yaw Oteng-Agipong. I concur with his decision to stipulate to this Statement of Offense.

Date:_____    _____
                                                                    Brigitte L. Adams, Esq.
                                                                     Attorney for Defendant Yaw Oteng-Agipong