**FILED**

MAR 8 - 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ER WHITTINGTON, CLERK
STRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-0034 |
| | : | |
| v. | : | |
| | : | |
| YAW OTENG-AGIPONG, | : | VIOLATION: 18 U.S.C. § 201(b)(1)(A) |
| | : | (Offering and promising a |
| Defendant. | : | bribe to a public official) |
| | : | |

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant YAW OTENG-AGIPONG (hereinafter "AGIPONG"), with the concurrence of his attorney, Brigitte L. Adams, Esq., agree and stipulate to the following facts in connection with defendant AGIPONG's plea of guilty to a violation of 18 U.S.C. § 201(b)(1)(A)), offering and promising a bribe to a public official.

1. At all relevant time, defendant AGIPONG, a former employee of the District of Columbia Department of Consumer and Regulatory Affairs (hereinafter "DCRA"), was employed in a private capacity as a structural engineer.

2. At all relevant times, an individual (hereinafter "DCRA employee") was a public official, that is, a construction inspector with DCRA with an office in Washington, D.C., whose job it was to inspect construction projects in the District of Columbia to insure that the projects complied with D.C. building regulations, codes and laws.

3. At all relevant times, a limited liability corporation (hereinafter "the LLC") was engaged in a construction project in the 1100 block of 5th Street, N.W., Washington, D.C.

4. On or about September 20, 2006, the LLC received a stop work order from the DCRA employee because it allegedly exceeded the scope of its building permit. The LLC retained

defendant AGIPONG to help resolve the stop work order favorably.

5. On or about September 21, 2006, defendant AGIPONG went to the DCRA employee's office to talk to him about the stop work order. AGIPONG asked the DCRA employee to approve the building plans so the construction could continue and told the DCRA employee that he would give him $2,000 for doing so. Defendant AGIPONG offered and promised to pay the $2,000 with the influence the DCRA employee in the performance of an official act. If it required more money for that purpose, defendant AGIPONG was willing to pay more money. The DCRA employee agreed to take the money in return for lifting the stop work order. The DCRA employee also agreed to lower the fine that had been levied against the LLC property for exceeding its permit from $6,000 to $3,000.

6. On or about September 22, 2006, defendant AGIPONG met with the LLC partners with the intent to request the money from the LLC to pay the stop work order fine, the permit fee, a fee for defendant AGIPONG's services, and the bribe to the DCRA employee. Defendant AGIPONG requested from the partners $20,000 to cover these expenses and he described the bribery scheme, although he did not identify to whom within DCRA he would pay the money. The partners agreed that they would take steps to obtain the money to give it to defendant AGIPONG for those purposes.

7. On or about September 28, 2006, defendant AGIPONG asked the DCRA employee to meet at AGIPONG's office. The DCRA employee told AGIPONG he did not meet people in offices and asked that they meet on the street. The DCRA employee and AGIPONG then met at a pre-arranged location on the street. At the beginning of the meeting, the DCRA employee patted down AGIPONG. He then asked AGIPONG if he was wearing a wire and if he had the money. AGIPONG did not have the bribe money at that time.

8. On or about October 10, 2006, defendant AGIPONG met at a pre-arranged location with the LLC partners to obtain the $20,000 from them. The money was not transferred at that time, however, because of the arrival of agents from the Federal Bureau of Investigation. The agents took a statement from defendant AGIPONG in which he admitted the above-described bribery scheme.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # #498610

BY: *Daniel P. Butler*
DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEY
555 Fourth Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, Brigitte L. Adams, I agree and stipulate to this Statement of the Offense.

Date: 2-7-07

Yaw Oteng-Agipong
Defendant

3

I have discussed this Statement of Offense with my client, Yaw Oteng-Agipong. I concur with his decision to stipulate to this Statement of Offense.

Date: 2-8-07

Brigitte Q. Adams, Esq.
Attorney for Defendant Yaw Oteng-Agipong

4